IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dr. Kenneth H. Mincey, | ) Civil Action No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT DEERE &** |
| | ) **COMPANY'S ANSWERS TO** |
| Deere & Company, and Quality Equipment, LLC | ) **LOCAL CIVIL RULE 26.01** |
| f/k/a Southeast Farm Equipment Company, | ) **INTERROGATORIES** |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to Local Civ. Rule 26.01 and Fed. R. Civ. P. 7.1, Defendant Deere & Company ("Deere") submits the following answers to the interrogatories propounded through Local Civil Rule 26.01:

**(A)    State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.**

Answer: Deere has not been notified of a subrogation interest in this case.

**(B)    As to each claim, state whether it should be tried jury or nonjury and why.**

Answer: Deere requests a jury trial in this matter with respect to each of Plaintiff's claims:

(1)    Negligence as to Defendant Deere & Company: A jury trial is fair and reasonable for this claim.

(2)    Strict Liability as to Defendant Deere & Company: A jury trial is fair and reasonable for this claim.

1

2

    (3)    Breach of Warranty as to Defendant Deere & Company: A jury trial is fair and reasonable for this claim.

    (4)    Negligence as to Defendant Quality Equipment, LLC f/k/a Southeast Farm Equipment Company: A jury trial is fair and reasonable for this claim.

**(C)    State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.**

Answer: Deere & Company is a publicly held corporation traded on the New York Stock Exchange under the ticker symbol "DE." Deere has no parent corporation, and to the best of Deere's knowledge, there are no publicly traded companies that own 10% or more of the stock of Deere & Company. Deere & Company does not own ten percent or more of the outstanding shares of any publicly owned company.

**(D)    State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).**

Answer: This Court is the United States District Court for the district and division embracing the place where the state court action was filed by Plaintiff.

**(E)** **Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

Answer: Upon information and belief, this action is not related to any other matter in this District.

**(F)** **[Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

Answer: Deere is properly identified.

**(G)** **[Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.**

3

Answer: Deere contends that if the allegations of the Complaint are proven true, Defendant Quality Equipment, LLC, would be liable to Plaintiff in relation to its alleged work performed on the subject tractor in May 2022, including, potentially, a failure to warn, repair, or follow corrective actions recommended by Deere. Deere reserves the right to amend this response upon discovery of more information.

**(H)    Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).**

Answer:

| Party | Citizenship |
| --- | --- |
| Plaintiff | South Carolina |
| Deere & Company | Delaware and Illinois |
| Quality Equipment, LLC | North Carolina and Georgia[1] |

[*Signature on Following Page*]

---

[1]    Deere's contemporaneously filed Notice Of Removal names and identifies the members of Quality Equipment, LLC, including their respective cities/states of residence. *See* Notice of Removal, ¶ 9. Deere hereby references and incorporates that chart identifying Quality Equipment's members as if fully stated herein. *Id.*

4

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s *Patrick D. Quinn*
Patrick D. Quinn (Fed. Bar No. 11937)
patrick.quinn@nelsonmullins.com
1320 Main Street
17th Floor, Meridian Building
Columbia, South Carolina 29201
(803) 799-2000

and

LIGHTFOOT, FRANKLIN & WHITE, LLC
Reid C. Carpenter  (p*ro hac vice application  forthcoming*)
*rcarpenter@lighfootlaw.com*
Amaobi J. Enyinnia (p*ro hac vice application forthcoming*)
*aenyinnia@lightfootlaw.com*
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
205-581-0700

***Attorneys for Defendant Deere & Company***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via U.S. Mail and via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    Austin H. Crosby
    acrosby@parkerlawgroupsc.com
    Ronnie L. Crosby
    rcrosby@parkerlawgroupsc.com
    PARKER LAW GROUP, LLP
    101 Mulberry Street East
    Post Office Box 487
    Hampton, South Carolina 29924
    *Counsel for Plaintiff*

    Carmelo B. Sammataro
    TURNER | PADGET
    PO Box 1473 | Columbia, SC 29202
    1901 Main Street, Suite 1700 | Columbia, SC 29201
    ssammataro@turnerpadget.com
    *Counsel for Defendant Quality Equipment, LLC*

    /s *Patrick D. Quinn*
    Patrick D. Quinn
    Counsel for Defendant Deere & Company