IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DR. KENNETH H. MINCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01050-JD |
| | ) | |
| DEERE & COMPANY and SOUTHEAST FARM EQUIPMENT COMPANY, | ) ) | **JOINT DISCOVERY PLAN AND LOCAL CIVIL RULE 26.03 RESPONSES** |
| Defendants. | ) ) ) | |

The above-captioned parties, having consulted pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in conjunction with the parties' Rule 26(f) Report submitted simultaneously herewith, hereby jointly submit the following information in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure and Local Civil Rule 26.03 (D.S.C.) as follows.

**JOINT RULE 26(f) DISCOVERY PLAN**

1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

    **RESPONSE:** The parties have agreed to waive disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as allowed by the Court's Conference and Scheduling Order.

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    **RESPONSE:** The parties agree that discovery should be limited to the specific claims set forth in Plaintiff's Complaint and Amended Complaint and the defenses set forth in the Defendants' Answers.

1

The parties anticipate that discovery will not be complete within the time provided in the Court's Conference and Scheduling Order entered on March 27, 2023 (Doc. 9). Therefore, the parties have requested that the deadlines be modestly extended as set forth in the parties' attached proposed Amended Scheduling Order.

The parties are not aware of any reasons why discovery should be conducted in phases or be limited to or focused upon particular issues.

3. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

    **RESPONSE**: The parties are not aware of any special issues related to disclosure or discovery of electronically stored information. The parties intend to comply with the letter and spirit of Fed. R. Civ. P. 34(b)(2)(E).

4. **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an Order.**

    **RESPONSE**: The parties agree to assert claims of privilege or protection in writing when responding to written discovery and verbally on the record when claiming a privilege or seeking protection during a recorded proceeding. The parties also agree to comply with Rule 26(b)(5)-(c) of the Federal Rules of Civil Procedure. Finally, the parties agree to a standard clawback provision if privileged or protected information is inadvertently produced.

5. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

    **RESPONSE**: None at this time.

6. **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

    **RESPONSE**: The parties anticipate filing a Consent Motion for Entry of a Confidentiality Order.

**RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES**

The parties hereby submit the following responses to Local Civil Rule 26.03 Interrogatories:

**1.      A short statement of the facts of the case.**

**By Plaintiff:**

Plaintiff alleges that he was injured on September 23, 2022, by a 4230 John Deere tractor, VIN 4230H 038667R.  Plaintiff attempted to start the tractor while standing on the right-hand side of the tractor.  The tractor started, began moving forward, and immediately knocked him to the ground.  The front-end loader on the tractor came into contact with a stack of lumber and stopped the tractor from continuing to move forward.  Plaintiff had to dig himself out from underneath the tractor as the rear right tire continued to spin on his leg and body.  He was trapped underneath the spinning tire for an extended period.  He suffered severe injuries and thus far has been unable to return to his job as a general surgeon. Plaintiff alleges that the subject tractor was defectively designed and manufactured, and that these defects caused the injuries and damages he sustained.

**By Defendants:**

Plaintiff Kenneth Mincey, M.D., alleges that he was injured in September 2022 while attempting to check the battery charge level on a John Deere 4230 Tractor. Plaintiff alleges that while charging the subject 4230 Tractor's battery, he started the tractor while standing on the right-hand side of the tractor. Plaintiff alleges that the subject 4230 Tractor moved forward once started, knocked him down, and because the tractor came into contact with a stack of lumber, stopped and trapped him underneath its right rear tire while the tire continued to spin. Plaintiff alleges that the subject accident caused severe injuries to his lower body, including a fractured left ankle and

degloving injury to his left leg. Plaintiff alleges that the subject accident occurred because the tractor was in a defective and unreasonably dangerous condition.

Defendant Deere & Company ("Deere") designed and manufactured, in part, the subject 4230 Tractor. Plaintiff alleges Defendant Southeast Farm Equipment Company ("Southeast") performed work on the subject 4320 Tractor in May 2022, including work on the clutch and installation of a new starter. Defendants were not put on notice of Plaintiff's claim until this action was filed. Accordingly, Defendants have not yet had an opportunity to inspect the subject tractor or to determine the cause of Plaintiff's alleged injuries. At this stage of the case, Defendants are not aware of any evidence of a defect in the design or manufacture of the subject loader, nor are they aware of any evidence in inspecting or repairing the subject 4320 Tractor. Under the circumstances, Defendants are not responsible for this accident and are not liable to Plaintiff.

**2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

RESPONSE:

The following witnesses may be called by Plaintiff and/or Defendants and are expected to offer testimony regarding the facts and circumstances surrounding the subject accident, investigation into the accident, and Plaintiff's alleged injuries and damages. The parties have not determined the names of all potential fact witnesses at this time and reserve the right to call additional witnesses who are identified through the discovery process.

(a)     Plaintiff Kenneth H. Mincey, M.D., is expected to testify regarding his background, experience, and training, his use of the subject 4320 Tractor, the accident, and the injuries sustained as a result of his use of the product.

(b)     All witnesses and medical providers to be identified by Plaintiff, who are expected to testify regarding Plaintiff's injuries, medical treatment, and recovery.

(c) First Responders and Emergency Response Personnel, who are expected to testify regarding their observations of the scene after accident occurred and their interactions with the parties at the scene.

(d) One or more corporate representatives of Deere are expected to testify regarding the design, manufacture, distribution, marketing, and/or sale of the subject 4320 Tractor, as well as the nonprivileged investigation of the accident that is the subject of the Amended Complaint.

(e) Representatives of Defendant Southeast Farm Equipment Company are expected to testify regarding the facts relating to the allegations made by Plaintiff in this case, including, but not limited to, repairs to, modifications to, or other maintenance performed on the subject 4320 Tractor, the accident and any investigation thereof, and non-privileged conversations or correspondence between it and any parties or witnesses related to the subject 4320 Tractor, accident, or claims at issue.

(f) Friends and family of Kenneth H. Mincey, M.D.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**By Plaintiff:** The Plaintiff has not yet identified expert witnesses, however, he is likely to offer experts in some or all of the following subject matters or fields: tractor design and manufacturing, injury causation, machine and component engineering, design and testing, human factors and/or warnings, economics, and any and all damages alleged by Plaintiff.

**By Defendants:** At this point, expert witnesses have not been identified. However, Defendants anticipate they may offer expert testimony in regard to (1) the design, manufacture, repair, and/or modification of the subject tractor and/or component parts; (2) medical testimony regarding Plaintiff's injuries and medical treatment; (3) accident reconstruction; (4) biomechanics;

5

(5) vocational rehabilitation and life care planning, and (6) calculation of future damages. Such experts may also give opinions as to the cause of the accident at issue and may serve as rebuttal witnesses to testimony of Plaintiff's liability experts.

Defendants have not received complete information regarding the type of experts on which Plaintiff will rely; accordingly, Defendants reserve their rights to offer experts to address or rebut any issues raised in this case by Plaintiff. Defendants will disclose any expert witnesses and certify their compliance with Fed. R. Civ. P. 26(a)(2) in accordance with the Court's Conference and Scheduling Order.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   **By Plaintiff:**

   This incident occurred in South Carolina, and the substantive law of South Carolina applies. Plaintiff alleges the subject tractor is defective based on theories of Negligence, Branham v. Ford Motor Co., 390 S.C. 203, 701 S.E.2d 5 (2010); (product defect); Strict Liability based on S.C. Code Ann. § 15-73-10, et. seq., South Carolina Code (1976); and Breach of Warranty pursuant to S.C. Cod Ann. §§ 36-2-101. et seq.

   **By Defendants:**

   (a)    General Denial – Defendants deny all allegations not specifically admitted or explained in their Answers.

   (b)    Failure to State a Claim – The Complaint fails to state a claim upon which relief can be granted; Fed. R. Civ. P. 12(b)(6).

   (c)    Statute of Limitations – S.C. Code Ann. § 15-3-530.

(d)     <u>Defendants Did Not Breach Duty</u> – *Hurst v. E. Coast Hockey League, Inc*., 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006); *Allen v. Long Mfg. NC, Inc*., 332 S.C. 422, 426, 505 S.E.2d 354, 356 (Ct. App. 1998).

(e)     <u>Third-Party Modification of Product</u> – *Jackson v. Bermuda Sands, Inc*., 383 S.C. 11, 16-17, 677 S.E.2d 612, 615 (Ct. App. 2009); *Small v. Pioneer Mach., Inc*., 329 S.C. 448, 465-466, 494 S.E.2d 835, 844 (Ct. App. 1997).

(f)     <u>Subject Tractor Not Defectively Designed or Manufactured; Did Not Have Defective Warnings</u> – *Newbern v. Ford Motor Co*., 428 S.C. 310, 315, 833 S.E.2d 861, 864 (Ct. App. 2019), *reh'g denied* (Nov. 8, 2019); *Jackson v. Bermuda Sands, Inc*., 383 S.C. 11, 16, 677 S.E.2d 612, 615 (Ct. App. 2009).

(g)     <u>Spoliation of Evidence</u> – Fed. R. Civ. P. 37.

(h)     <u>Comparative Negligence</u> – S.C. Code Ann. § 15-1-300; *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 244-45, 399 S.E.2d 783, 784 (1991); *Baxley v. Rosenblum*, 303 S.C. 340, 346, 400 S.E.2d 502, 506 (Ct. App. 1991).

(i)     <u>Assumption of Risk</u> – S.C. Code Ann. § 15-73-20; *Hurst v. E. Coast Hockey League, Inc.,* 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006).

(j)     <u>Joint and Several Liability</u> – S.C. Code Ann. § 15-38-15.

(k)     <u>Failure to Mitigate Damages</u> – *Adams v. Orr*, 260 S.C. 92, 194 S.E.2d 232 (1973).

(l)     <u>Product Misuse</u> – S.C. Code Ann. § 17-73-20; *Small v. Pioneer Mach., Inc*., 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); *Brown v. Gen. Motors Corp*., 355 F.2d 814, 820 (4th Cir. 1966).

(m)     <u>Disregarded Warnings</u> – *Holland ex rel. Knox v. Morbark, Inc*., 407 S.C. 227, 239, 754 S.E.2d 714, 721 (Ct. App. 2014).

(n) <u>Alleged Injuries Not a Foreseeable Consequence</u> – *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 16, 677 S.E.2d 612, 615 (Ct. App. 2009); *Young v. Tide Craft, Inc.,* 270 S.C. 453, 465, 242 S.E.2d 671, 677 (1978).

(o) <u>All Defenses under South Carolina's "Defective Products Act"</u> – S.C. Code Ann. § 15-73-10 *et seq*.

(p) <u>Unreasonable, Knowing Use of Defective Product</u> – S.C. Code Ann. § 15-73-20; *Holland ex rel. Knox v. Morbark, Inc*., 407 S.C. 227, 239, 754 S.E.2d 714, 721 (Ct. App. 2014).

(q) <u>The Subject Tractor Was Not Unreasonably Dangerous</u> – *Branham v. Ford Motor Co.,* 390 S.C. 203, 210, 701 S.E.2d 5, 8 (2010).

(r) <u>Compliance with Industry Standards/State-of-the-Art Defense</u> – *Bragg v. Hi-Ranger, Inc.,* 319 S.C. 531, 543, 462 S.E.2d 321, 328 (Ct. App. 1995); *Reed v. Tiffin Motor Homes, Inc*., 697 F.2d 1192, 1196 (4th Cir. 1982).

(s) <u>Open and Obvious Danger</u> – *Moore v. Barony House Rest., LLC*, 382 S.C. 35, 42, 674 S.E.2d 500, 504 (Ct. App. 2009).

(t) <u>Punitive Damages</u> – The imposition of punitive damages is unconstitutional under multiple provisions of the U.S. and S.C. Constitutions. U.S. Const. Amend. 5 & 14; S.C. Const. Art. 1, § 3. Defendants incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damages that arose in the decisions of *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996), *Cooper Inds., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and their progeny.

(u) <u>Trial Bifurcation for Damage Issues</u> – S.C. Code Ann. § 15-32-520; Fed. R. Civ. Pro. 42; Rule 42, SCRCP.

Defendants reserve the right to supplement and expand on all law cited in this interrogatory response as the facts and research in this case are developed and to assert other defenses based on facts revealed during discovery and their ongoing investigation of the claims.

5.  **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in local Civ. Rule 16.02 (D.S.C.):**

    (a)  **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

    (b)  **Completion of discovery.**

    **RESPONSE**:  As indicated in the parties' Rule 26(f) Report, submitted contemporaneously herewith, the parties have or will shortly submit a proposed Consent Amended Scheduling Order which extends the deadlines for Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures and Completion of Discovery as follows:

    (a)  Exchange of Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures:  **December 5, 2023**.

    (b)  Exchange of Defendants' Fed. R. Civ. P. 26(a)(2) expert disclosures:  **March 5, 2024**.

    (c)  Completion of Discovery:  **May 17, 2024**.

6.  **Any special circumstances that would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

    **RESPONSE**:  At this time, the parties are not aware of any special circumstances which would affect the time frames applied in the proposed Conference and Scheduling Order.

7.  **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C)) or otherwise requested by the assigned judge.**

    **RESPONSE**:  None at this time.

*[signature blocks on following page]*

Respectfully submitted on May 1, 2023.

<div style="columns:2">

PARKER LAW GROUP

/s/ *Austin H. Crosby*
Austin H. Crosby, Fed ID 11536
acrosby@parkerlawgroupsc.com
Ronnie L. Crosby, Fed ID 6311
rcrosby@parkerlawgroupsc.com
101 Mulberry Street East
Post Office Box 487
Hampton, South Carolina 29924
(803) 903-1781

*Attorneys for Plaintiff*

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Patrick D. Quinn*

Patrick D. Quinn (Fed. Bar No. 11937)
patrick.quinn@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street
17th Floor, Meridian Building
Columbia, South Carolina 29201
(803) 799-2000

and

LIGHTFOOT, FRANKLIN & WHITE, LLC
Reid C. Carpenter (p*ro hac vice*)
*rcarpenter@lighfootlaw.com*
Amaobi J. Enyinnia (p*ro hac vice)*
*aenyinnia@lightfootlaw.com*
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
205-581-0700

*Attorneys for Defendant Deere & Company*

</div>

TURNER, PADGET, GRAHAM & LANEY, P.A.

/s/*Carmelo B. Sammataro*
Carmelo B. Sammataro (Fed. I.D. # 9174)
Abigail C. Bray (Fed. I.D. # 13676)
Post Office Box 1473
Columbia, SC 29202
Phone: (803) 254-2200
Fax: (803) 799-3957
SSammataro@TurnerPadget.com
ABray@TurnerPadget.com

*Attorneys for Defendant Southeast Farm Equipment Company*